# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

DENNICE MOORE,

        Plaintiff,

v.                                                    Case No. 11-CV-206

WISCONSIN DEPARTMENT OF
WORKFORCE DEVELOPMENT,

        Defendant.

_____

## ORDER

On February 24, 2011, the *pro se* plaintiff, Dennice Moore ("Moore"), filed a complaint against the Wisconsin Department of Workforce Development, ("DWD"), alleging that the defendant was "negligent" in failing to "pay" Ms. Moore child support funds "received and seized by [DWD] on her behalf." (Docket #1 at 2). The complaint notes that child support payments were owed to her beginning in 1978. *Id.* In conjunction with her complaint, the plaintiff has also filed a motion for leave to proceed *in forma pauperis.* (Docket #2). Normally, a plaintiff must pay a statutory filing fee to bring suit in federal court, but the federal *in forma pauperis* statute allows indigent litigants a means by which they can access the federal courts without the burden of the initial filing fee. 28 U.S.C. § 1915. In order for a court to authorize a litigant to proceed *in forma pauperis*, the court must first find that the litigant is truly indigent and unable to pay for the costs of commencing the action. 28 U.S.C. § 1915(a). Moreover, the court must also determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money

damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The plaintiff's petition for leave to proceed *in forma pauperis,* which was signed under penalty of perjury, indicates that the plaintiff has very minimal income. The court can conclude that the plaintiff has met the poverty requirements of 28 U.S.C. § 1915.

However, the court is also under a duty to screen all complaints under the federal *in forma pauperis* statute to ensure the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). The court is obliged to give a plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim under the federal pleading standards, the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted the Federal Rules of Civil Procedure's requirements to mean that a plaintiff's complaint must only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949; *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010) ("[T]he plaintiff must give enough details about the

subject-matter of the case to present a story that holds together . . . the court will ask itself *could* these things have happened, not *did* they happen.").

The court notes before examining Ms. Moore's complaint that "federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Indeed, a federal court possesses "only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Id.* Federal subject matter jurisdition is present when: (1) the claim or claims presented rest on a question of federal law, *see* 28 U.S.C. § 1331; or (2) the claim is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332. Here, there is no "diversity" jurisdiction, as the dispute is between a Wisconsin entity and a Wisconsin resident. As such, the only possible basis for jurisdiction is if the claim rests on a question of federal law. While Ms. Moore's complaint hints at a series of state law claims, such as the allusions to the DWD violating parts of the Wisconsin state constitution and breaching "contractual obligations" (Compl. ¶¶ 11, 6), such claims cannot form the basis for original jurisdiction necessary for this court to exercise jurisdiction over this matter. 28 U.S.C. § 1367. Reading Ms. Moore's complaint generously, the court finds there is one possible federal law implicated by the plaintiff's allegations. The plaintiff's complaint alleges that the defendant violated several of her rights stemming from the United States Constitution. (Docket #1). Because 42 U.S.C. § 1983 is the only federal statutory vehicle for bringing actions in federal court for

constitutional violations, the court will examine whether the plaintiff has adequately plead a Section 1983 claim against the DWD.

To recover under Section 1983, a plaintiff must show that: (1) he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon them by a person or persons acting under color of state law. *McKinney v. Duplain,* 463 F.3d 679, 683 (7th Cir. 2006). In this case, however, Ms. Moore has sued a state agency, and state agencies are not "persons" within the meaning of § 1983 and thus are not subject to suit. *See Ryan v. Ill. Dept. of Children and Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999) (holding that a state agency was not a "person" under § 1983). Hence, the court must dismiss Ms. Moore's complaint.

Normally, the court would afford the plaintiff an opportunity to amend her complaint so that she can bring suit against a proper party. *See Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 551 (7th Cir. 1996). However, Ms. Moore's complaint is simply not salvageable, no matter who she sues. The plaintiff's complaint is based on the "negligence" of DWD in administering child support payments. (Compl. ¶ 1) ("[T]he . . . plaintiff . . . herein brings forth suit against the Department of Workforce Development alleging that, in official capacity and under the color of law, the Department negligently failed to disperse to her over $30,0000.00 collected by the Department from Dannie E. Moore."). The case law is clear: "Section 1983 claims cannot be founded on negligence." *Loubser v.*

*Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). More broadly, there is no case law to support the notion that a state employee's negligence in failing to provide child support payments implicates a right remedied through Section 1983. *See, e.g., Clark v. Portage County, Ohio,* 281 F.3d 602, 605 (6th Cir. 2002) ("[T]he simple lack of effectiveness by a state in enforcing [child] support obligations does not alone give rise to an individual right."). There is no federal cause of action in this case and, accordingly, the court will dismiss the complaint in its entirety pursuant to 28 U.S.C. § 1915(e). The plaintiff is free to pursue any viable state law claims she may have in state court.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED**.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of March, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge